IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY SCOTT BROWN, #412, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-CV-00580 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| MONTGOMERY COUNTY ) | MAGISTRATE JUDGE HOLMES |
| MANAGEMENT, *et al.*, ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION**

Plaintiff Jeffrey Scott Brown, a pre-trial detainee in the custody of the Montgomery County Jail in Clarksville, Tennessee, filed this pro se action against Montgomery County Management, Montgomery County Jail Administration, and Montgomery County Legislative Bodies, alleging violations of Plaintiff's civil rights under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff also has filed a "Motion to Have Medical Records in Hand", (Doc. No. 3), Motion to Amend Complaint (Doc. No. 5) and "Motion for Hard Paper Copy of All Kiosk Request, Medical and Grievance." (Doc. No. 7).

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

By Order entered on August 18, 2022, the Court notified Plaintiff that this case could not proceed until he submitted the full civil fining fee or an application to proceed in forma pauperis. (Doc. No. 4). The Court ordered the Clerk to mail Plaintiff a blank application to proceed in forma pauperis for prisoners. (*Id*.)

Plaintiff then submitted a handwritten "Motion on Forma Pauperis" in which he states that "he has not received the form" but wishes to proceed as a pauper. (Doc. No. 6). The Court

1

construed Plaintiff's filing as a timely Motion for an Extension of Time within which to comply with the Court's prior Order, and granted that Motion. (Doc. No. 8 at 1-2). The Court extended Plaintiff's deadline for submitting either the full civil filing fee of $402 or a completed application to proceed in forma pauperis by another thirty days. (*Id*. at 2).

Plaintiff now has now filed an Application to Proceed in Forma Pauperis. (Doc. No. 9). The application lacks the certified inmate account statement required by 28 U.S.C. § 1915(a)(2). However, along with his application, Plaintiff submitted a letter to the Court in which he states that, on August 22, 2022, he submitted a request for his trust fund account statement via the jail kiosk and was told that his attorney needed to subpoena the records. (*Id*. at 3). On September 20, 2022, Plaintiff asked a deputy to take Plaintiff's pauper application to the commissary so Plaintiff could obtain a copy of his trust fund statement; the deputy refused. (*Id*.) Additionally, Plaintiff submits documents from another federal case in this district in which he also represented to the Court that jail officials refuse to provide him with a certified copy of his inmate trust account statement without an attorney's subpoena. (*Id*. at 4-5). Plaintiff states that, from February 2022 to September 2022, he has had $25 in his inmate trust account. (*Id*. at 3).

It appears that Plaintiff has attempted to comply with the Court's instructions and has been unable to do so for reasons outside of his control. The Court finds that, under these specific circumstances, Plaintiff has made a good faith effort to obtain pauper status with proper documentation. *See Michael Kilpatrick v. James O'Rouke*, No. 3:16-cv-01840 (M.D. Tenn. 2016) (Sharp., J.) (Doc. No. 3 at 2) (if jail officials refuse to cooperate with plaintiff's efforts to get his inmate account statement certified, plaintiff may submit a signed statement to the court detailing his attempts to comply with the court's order). Accordingly, Plaintiff's Application will be granted. Should the Court discover at any point that Plaintiff has falsely represented the amount in his

inmate trust account, Plaintiff's pauper status could be revoked and Plaintiff will be required to pay the full civil filing fee of $402.

## II. PLRA SCREENING STANDARD

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . .

3

. .." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## IV. FACTS ALLEGED IN THE COMPLAINT

The complaint alleges that, while in the custody of the Montgomery County Jail as a pretrial detainee in March 2022, Plaintiff experienced severe pain when he "pull[ed] [him]self out of the bed." (Doc. No. 1 at 3-4). Plaintiff sought medical attention, and it was "days later" before he was permitted to see an unidentified person for medical treatment. (*Id*. at 4). According to Plaintiff, his "muscles and tendons separated from bone and other muscles." (*Id*. at 6). Plaintiff "since [has] been told that [his] arm will need surgery to make it where [he] can be able to use it again", but "they" refused to arrange for Plaintiff's surgery. (*Id*. at 4).

Prior to this incident, Plaintiff had told "them" that he was having problems with his arms, and "staff of Jail" did not take Plaintiff's complaints seriously. (*Id*.)

As relief, Plaintiff seeks "the max" in punitive, mental, and physical damages "due to the drama and ongoing anxiety over [his] medical care." (*Id*. at 6).

## V. ANALYSIS

The complaint alleges that Plaintiff did not receive adequate medical treatment as a pretrial detainee in the custody of the Montgomery County Jail. The complaint names as Defendants (1) Montgomery County Management, (2) Montgomery County Jail Administration, and (3) Montgomery County Legislative Bodies.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement, which includes appropriate medical care to inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citations omitted). The Due Process Clause of the Fourteenth Amendment incorporates these protections for pretrial detainees such as Plaintiff. *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018). An Eighth Amendment claim is composed of two parts: an objective prong, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective prong, which requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. 825, 834, 837. Deliberate indifference is "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020)).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene*, 22 F.4th 593 at 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021) (citation omitted). But in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that the standard for excessive force claims brought by pretrial detainees under the Due Process Clause of the Fourteenth Amendment differs from the standard for excessive force claims brought by convicted prisoners under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Id*. at 391-92. The Court held that, to prove the second prong of an excessive force claim, a pretrial detainee must show that "the officers were *subjectively* aware that their use of force was unreasonable, or only that the officers' use of that force was *objectively* unreasonable." *Id*. at 391-92 (italics in original).

*Kingsley* left open the question of "whether an objective standard applies in other Fourteenth Amendment pretrial detainment context[s]." *Brawner*, 14 F.4th at 592. Finding that it was "no longer tenable" after *Kingsley* to apply the same analysis to the "constitutionally different groups" of convicted prisoners and pretrial detainees, the Sixth Circuit in "*Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness[.]" *Id*. at 592, 596. Thus, to prove a deliberate indifference to serious medical needs claim under the Fourteenth Amendment, "'[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*,14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

Turning to the Defendants named by Plaintiff in his complaint, Montgomery County Management and Montgomery County Jail Administration are not "persons" subject to suit under Section 1983. *See Hix v. Tennessee Dep't of Corrs*., 196 F. App'x 350, 355 (6th Cir. Aug. 22, 2006) ("[W]e conclude that the defendant medical departments are not 'persons' under § 1983."); *Marigny v. Hopkins Cnty. Jail Admin*., No. 4:21-CV-P10-JHM, 2021 WL 4554493, at *2 (W.D. Ky. Oct. 5, 2021) (finding that the "Hopkins County Jail Administration" is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983); *Hensley v. Dugger*, No. 2:13-CV-76-JRG-DHI, 2014 WL 6982397, at *1 (E.D. Tenn. Dec. 10, 2014) (finding that the Hawkins County Jail Administration, the Hawkins County Jail Staff, and the Hawkins County Jail Nursing Staff are not suable entities under Section 1983). Thus, the

complaint fails to state colorable Section 1983 claims against Montgomery County Management and Montgomery County Jail Administration, and those Defendants will be dismissed.

While legislative bodies can be subject to suit under Section 1983 for the medical treatment provided (or not provided ) to pretrial inmates, *see Adams v. Community Ctr. v. City of Troy*, 381 F. Supp.3d 887, 897 (E.D. Mich. 2019), the instant complaint does not explain which "Montgomery County Legislative Bodies" were responsible for the alleged constitutional violations of Plaintiff's rights, or how any county legislative body was connected to the denial of Plaintiff's medical care at the Montgomery County Jail. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person or entity is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

However, taking into consideration Plaintiff's pro se status and his assertion that there are "no books" at the Montgomery County Jail for him "to look . . . up" the specific elements of his constitutional claims, the Court finds it appropriate to grant Plaintiff the opportunity to amend his complaint for the purposes of (1) identifying the person, persons, entity, and/or entities responsible for Plaintiff's alleged inadequate medical treatment in March 2022 and forward at the Montgomery County Jail and (2) explaining how those persons and/or entities were directly involved in the deprivation of Plaintiff's constitutional rights.

If Plaintiff desires to amend his complaint, he must do within 30 days of entry of this Memorandum Opinion and accompanying Order. Upon receipt of an amended complaint, the Court will screen it as required under the PLRA. If Plaintiff fails to file an amended complaint by the deadline set forth herein, the Court will dismiss this action under the PLRA.

## VI. MOTION TO AMEND COMPLAINT

Subsequent to filing his complaint, Plaintiff filed a Motion to Amend Complaint to add a "sexual discrimination" claim to this lawsuit. (Doc. No. 5 at 1).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely granted when justice requires. However, there are barriers to granting Plaintiff's Motion as requested at this time.

Specifically, Plaintiff alleges that, at the Montgomery County Jail, female inmates have enclosed showers while male inmates have open showers, leaving the male inmates "exposed" to guards in the tower; sometimes, Plaintiff notes, the guards laugh at the male inmates while they are showering. (Doc. No. 5 at 1). In other words, Plaintiff alleges that his federal constitutional rights are violated by having to expose his person to female guards while showering. Such allegations could state a colorable claim under Section 1983. *See Mills v. City of Barbourville*, 389

F.3d 568, 579 (6th Cir. 2004) (recognizing that "a prison policy forcing prisoners . . . to be exposed to regular surveillance by officers of the opposite sex while naked–for example while in the shower or using a toilet in a cell–would provide the basis of a claim on which relief could be granted"); *Warfield v. Crawford*, No. 3:12-cv-00483, Doc. No. 9 (M.D. Tenn. Nov. 27, 2012) (finding that prisoner-plaintiff stated a colorable claim under Section 1983 if he alleges that guards of the opposite sex regularly viewed him nude while showering); *Hunter v. Helton*, No. 1:10-cv-00021, 2010 WL 2405092, at *7 (M.D. Tenn. June 10, 2010) (same).

However, in his Motion to Amend Complaint, Plaintiff does not name any individuals responsible for the shower situation at the Montgomery County Jail. "The who is important; to state a claim under § 1983, [a plaintiff] must allege the violation of a constitutional right by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).

Second, because Plaintiff has neither identified a proper Defendant for his inadequate medical care claim nor has named a Defendant to his "sexual discrimination" claim, the Court is unable to determine if Plaintiff's proposed amended complaint is in violation of the federal rules governing joinder. *See* Fed. R. Civ. P. 18 and 20; *see Tietz v. Corizon Health, Inc.*, No. 20-10814, 2021 WL 2662245, at *6 (E.D. Mich. June 29, 2021) (where defendants argued that prisoner-plaintiff "has attempted to combine into one lawsuit many unrelated claims against many different defendants," court considered whether plaintiff was in violation of federal joinder rules).

Given that the Court is affording Plaintiff the opportunity to submit an amended complaint as detailed above, the Court finds that it is likewise appropriate to permit Plaintiff to include in his amended complaint, if he so desires, his shower-related allegations. If Plaintiff elects to include such claim, he should take care to identify the specific Defendants to this claim and explain how

9

each Defendant is responsible for the violation of Plaintiff's rights. Consequently, Plaintiff's Motion to Amend Complaint (Doc. No. 5) will be granted, subject to the instructions provided.

## VII. CONCLUSION

Plaintiff's Application to Proceed In Forma Pauperis (Doc. No. 9) will be granted.

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint as is fails to state claims upon which relief can be granted under Section 1983. However, taking into consideration Plaintiff's pro se status and his assertion the Montgomery County Jail lacks legal research materials, the Court finds it appropriate to grant Plaintiff the opportunity to amend his complaint for the purposes of (1) identifying the person, persons, entity, and/or entities responsible for Plaintiff's alleged inadequate medical treatment in March 2022 and forward and (2) explaining how those persons and/or entities were directly involved in the deprivation of Plaintiff's constitutional rights.

Further, the Court finds that Plaintiff's Motion to Amend Complaint (Doc. No. 5) will be granted in part, as follows. The Court will permit Plaintiff to include in his amended complaint, if he so desires, his shower-related claim. Plaintiff should take care to identify the specific Defendants to this claim and explain how each Defendant is responsible for the violation of Plaintiff's rights.

If Plaintiff desires to amend his complaint, he must do within 30 days of entry of this Memorandum Opinion and accompanying Order. Upon receipt of an amended complaint, the Court will screen the amended complaint as required under the PLRA. If Plaintiff fails to file an amended complaint by the deadline set forth herein, the Court will dismiss this action under the PLRA.

10

Case 3:22-cv-00580   Document 10   Filed 10/04/22   Page 10 of 11 PageID #: 53

Plaintiff's remaining Motions (Doc. Nos. 3 and 7) pertain to discovery and will be addressed at the proper time.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE