IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY SCOTT BROWN, #412, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:22-CV-00580 ) ) JUDGE CAMPBELL |
| MONTGOMERY COUNTY MANAGEMENT, *et al.*, | ) MAGISTRATE JUDGE HOLMES ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION

Plaintiff Jeffrey Scott Brown, a pre-trial detainee in the custody of the Montgomery County Jail in Clarksville, Tennessee, has filed a pro se Motion to Amend Complaint. (Doc. No. 12). Two motions related to discovery filed by Plaintiff are also pending: Doc. Nos. 3 and 7.

## I. PROCEDURAL HISTORY

Plaintiff initially filed this pro se action against Montgomery County Management, Montgomery County Jail Administration, and Montgomery County Legislative Bodies, alleging violations of Plaintiff's civil rights under 42 U.S.C. § 1983. (Doc. No. 1).

By Order and accompanying Memorandum Opinion entered on October 4, 2022, the Court found that the complaint as amended failed to state claims upon which relief can be granted under Section 1983. (Docs. No. 10 and 11). However, taking into consideration Plaintiff's pro se status and his assertion the Montgomery County Jail lacks legal research materials, the Court granted Plaintiff the opportunity to further amend his complaint for the purposes of (1) identifying the person, persons, entity, and/or entities responsible for Plaintiff's alleged inadequate medical treatment in March 2022 and forward and (2) explaining how those persons and/or entities were

1

directly involved in the deprivation of Plaintiff's constitutional rights. (*Id.*) Additionally, the Court granted Plaintiff's Motion to Amend Complaint (Doc. No. 5) insofar as the Court permitted Plaintiff to include in his amended complaint, if he so desired, his shower-related claim. The Court instructed Plaintiff to identify the specific Defendants to this claim and explain how each Defendant is responsible for the violation of Plaintiff's rights. (Doc. Nos. 10 and 11).

Plaintiff now has filed a timely Motion to Amend his complaint in compliance with the Court's instructions. (Doc. No. 12). That Motion will be granted, and Plaintiff's second amended complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## II. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### IV. FACTS ALLEGED BY PLAINTIFF[1]

The complaint alleges that, while in the custody of the Montgomery County Jail as a pretrial detainee in March 2022, Plaintiff experienced severe pain when he "pull[ed] [him]self out of the bed." (Doc. No. 1 at 3-4). Plaintiff sought medical attention, and it was "days later" before he was permitted to see an unidentified person for medical treatment. (*Id*. at 4). According to Plaintiff, his "muscles and tendons separated from bone and other muscles." (*Id*. at 6). Plaintiff "since [has] been told that [his] arm will need surgery to make it where [he] can be able to use it again", but "they" refused to arrange for Plaintiff's surgery. (*Id*. at 4).

Prior to this incident, Plaintiff had told "them" that he was having problems with his arms, and "staff of Jail" did not take Plaintiff's complaints seriously. (*Id*.)

---

[1] Plaintiff did not include in his second amended complaint all of the allegations he made in his initial and first amended complaints. However, due to Plaintiff's pro se status and the alleged lack of legal resources available to him at the Montgomery County Jail, the Court will consider the allegations of the prior complaints when conducting the required PLRA screening of the second amended complaint.

3

Plaintiff further alleges that, at the Montgomery County Jail, female inmates have enclosed showers while male inmates have open showers, leaving the male inmates "exposed" to guards in the tower; sometimes, Plaintiff notes, the guards laugh at the male inmates while they are showering. (Doc. No. 5 at 1).

In his second amended complaint, Plaintiff alleges that Jail Administrator Chief Joe Thomas "runs the jail" and "is responsible" for Plaintiff's "medical needs and the sexual discrimination claims." (Doc. No. 12 at 1). Plaintiff additionally alleges that jail deputies refuse to provide him with the names of other individuals involved in the denial of medical care to Plaintiff and the viewing of Plaintiff while he takes showers. (Doc. No. 12 at 1). Plaintiff states that one of the jail doctors is male and the other is female but Plaintiff does not know their names. (*Id*.) Plaintiff further states that he does not know how to find out the names of other individuals involved in the violation of his rights because he "ha[s] no contact with anyone on the outside." (*Id*.)

As relief, Plaintiff seeks "the max" in punitive, mental, and physical damages "due to the drama and ongoing anxiety over [his] medical care." (Doc. No. 1 at 6).

## V. ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement, which includes appropriate medical care to inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citations omitted). The Due Process Clause of the Fourteenth Amendment incorporates these protections for pretrial detainees such as Plaintiff. *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018). An Eighth Amendment claim is composed of two parts: an objective prong, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective prong, which requires a showing of a sufficiently culpable

4

state of mind—one of deliberate indifference. *Farmer*, 511 U.S. 825, 834, 837. Deliberate indifference is "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020)).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene*, 22 F.4th 593 at 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021) (citation omitted). But in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that the standard for excessive force claims brought by pretrial detainees under the Due Process Clause of the Fourteenth Amendment differs from the standard for excessive force claims brought by convicted prisoners under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Id*. at 391-92. The Court held that, to prove the second prong of an excessive force claim, a pretrial detainee must show that "the officers were *subjectively* aware that their use of force was unreasonable, or only that the officers' use of that force was *objectively* unreasonable." *Id*. at 391-92 (italics in original).

*Kingsley* left open the question of "whether an objective standard applies in other Fourteenth Amendment pretrial detainment context[s]." *Brawner*, 14 F.4th at 592. Finding that it was "no longer tenable" after *Kingsley* to apply the same analysis to the "constitutionally different groups" of convicted prisoners and pretrial detainees, the Sixth Circuit in "*Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness[.]" *Id*. at 592, 596. Thus, to prove a deliberate indifference to serious medical needs claim under the Fourteenth Amendment, "'[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*,14 F.4th at 597

5

(6th Cir. 2021) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

As instructed by the Court by prior Order, Plaintiff has attempted to identify the persons responsible for his alleged inadequate medical treatment in March 2022 and forward at the Montgomery County Jail. He identifies Jail Administrator Chief Joe Thomas and states that other jail staff members were involved, but Plaintiff does not know their names and jail deputies refuse to provide those names to Plaintiff. Plaintiff also states that two jail doctors were involved, male and female, whose names Plaintiff does not know but he believes he will learn those names once he has access to his medical records. Plaintiff alleges that these individuals were aware of his medical needs, did not take his complaints seriously, and refused to arrange for his needed surgery. Although Plaintiff ultimately must provide more evidence in support of his allegations, the Court finds that these allegations state colorable Section 1983 claims based on the denial of adequate medical care to Plaintiff, a pre-trial detainee.

With respect to Plaintiff's claims that his federal constitutional rights are violated by having to expose his person to female guards while showering, Plaintiff alleges that Chief Joe Thomas is "responsible" for this situation. Construing Plaintiff's allegations liberally and considering the nature of Plaintiff's allegations, the Court finds that Plaintiff states a colorable Section 1983 claim against Thomas for purposes of the required PLRA screening. *See Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004) (recognizing that "a prison policy forcing prisoners . . . to be exposed to regular surveillance by officers of the opposite sex while naked–for example while in the shower or using a toilet in a cell–would provide the basis of a claim on which relief could be

granted"); *Warfield v. Crawford*, No. 3:12-cv-00483, Doc. No. 9 (M.D. Tenn. Nov. 27, 2012) (finding that prisoner-plaintiff stated a colorable claim under Section 1983 if he alleges that guards of the opposite sex regularly viewed him nude while showering); *Hunter v. Helton*, No. 1:10-cv-00021, 2010 WL 2405092, at *7 (M.D. Tenn. June 10, 2010) (same). Plaintiff will be required to provide much more information in support of this claim going forward. However, the Court finds that this claim should proceed so that Plaintiff can more fully develop it.

## VI. CONCLUSION

In summary, Plaintiff's Motion to Amend Complaint (Doc. No. 12) will be granted. Having screened the second amended complaint pursuant to the PRLA, the Court finds that Plaintiff states colorable claims under Section 1983 against Chief Joe Thomas in his individual capacity, Dr. John Doe in his individual capacity, and Dr. Jane Doe in her individual capacity, as set forth herein. This case will move forward, and Plaintiff will have an opportunity to more fully develop his claims and identify additional defendants.

Plaintiff's remaining motions (Doc. Nos. 3 and 7) will be addressed by the Magistrate Judge upon referral.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE