IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JEFFREY SCOTT BROWN                    )
                                       )
        v.                             )        NO.   3:22-cv-00580
                                       )
MONTGOMERY COUNTY                      )
MANAGEMENT, et al.                     )


**TO:   Honorable William L. Campbell, Jr., United States District Judge**


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered October 25, 2022 (Docket Entry Nos. 14 and 15), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings.   For the reasons set out below, the undersigned respectfully recommends that this action be dismissed without prejudice.

Jeffrey Scott Brown ("Plaintiff") is a former inmate of the Montgomery County Jail ("Jail").   He filed this *pro se* and *in forma pauperis* lawsuit on August 3, 2022, while an inmate at the Jail, but he is no longer incarcerated.   *See* Change of Address Notice (Docket Entry No. 13).   Plaintiff seeks relief under 42 U.S.C. §1983 based on allegations that his constitutional rights were violated at the Jail.   Upon initial review, the Court found that Plaintiff stated arguable claims against three defendants and directed, the Clerk to send to Plaintiff blank service packets, which he was to complete and return within 30 days.   *See* October 25, 2022, Order (Docket Entry No. 15).

Upon Plaintiff's failure to return the service packets as directed, the Court gave Plaintiff a deadline of January 20, 2023, to return a completed service packet for Defendant Joe Thomas

and for the two "John/Jane Doe" defendants if he had identified them, or to provide a list of specific requests for documents, information, or questions that are necessary to identify the "Doe" Defendants. *See* Order entered December 21, 2022 (Docket Entry No. 16). Plaintiff was advised that his failure to comply with this Order would result in a recommendation that this action be dismissed for failure to prosecute and/or failure to serve the defendants. *Id*. To-date, Plaintiff has not returned completed service packets or responded in any manner to the Court's directives.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to respond in any manner to the Court's directives indicates that he has lost interest in prosecuting his case.

## RECOMMENDATION[1]

For the reasons set out above, it is respectfully RECOMMENDED this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.